Filed 7/11/25  P. v. Serna CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, <br><br>     Plaintiff and Respondent, <br><br> v. <br><br> GABRIEL SERNA, <br><br>     Defendant and Appellant. | B337235 <br><br> (Los Angeles County <br> Super. Ct. No. BA358871) |

APPEAL from an order of the Superior Court of Los Angeles County, Alison S. Matsumoto, Judge.  Affirmed and remanded with directions.

Jonathan E. Demson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Kenneth C. Byrne and Allison H. Chung, Deputy Attorneys General for Plaintiff and Respondent.

———————————————

In 2011, Gabriel Serna pleaded no contest to attempted murder.  (Pen. Code,[1] §§ 187, subd. (a) & 664.)  Serna admitted that he personally used a handgun in commission of the offense.  (§ 12022.5, subd. (a).)  The trial court sentenced Serna to 23 years four months in prison.

In 2022, Serna filed a petition for resentencing pursuant to section 1170.95 (now § 1172.6).  The trial court found that Serna failed to demonstrate he was prima facie eligible for relief because he was the shooter and acted with express malice.

On appeal, Serna contends that the trial court erred, in violation of his constitutional rights, by denying his petition based on uncontroverted evidence presented at the preliminary hearing showing he was the actual perpetrator of the attempted murder.

We affirm the trial court's order, but remand the matter to the trial court with directions to consider an amended petition should Serna seek to file one within 30 days of the issuance of the remittitur.

## DISCUSSION

At the time of Serna's plea, a defendant could be convicted under the theory that the defendant aided and abetted a crime of which attempted murder was a natural and probable consequence.  (See *People v. Chiu* (2014) 59 Cal.4th 155, 161 [discussing natural and probable consequences liability generally]; see also § 31.)  It was not necessary to prove that the

---

[1] All further statutory references are to the Penal Code.

defendant intended that the attempted murder be committed or even that the defendant subjectively foresaw that attempted murder could result. (See *Chiu*, at pp. 161–162.)

In 2019, the Legislature, through Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Stats. 2018, ch. 1015) (Senate Bill 1437), amended section 188 to eliminate the natural and probable consequences doctrine as it applies to murder and to require, with certain exceptions under the felony-murder rule, that a defendant act with malice to be convicted of murder. (§ 188, subd. (a)(3).)

In 2021, through Senate Bill No. 775 (2020–2021 Reg. Sess.) (Stats. 2021, ch. 551) (Senate Bill 775), the Legislature clarified that the amendments made by Senate Bill 1437 were also intended to apply to attempted murder. Senate Bill 775 also amended former section 1170.95 to permit persons convicted by plea agreement of attempted murder under the natural and probable consequences doctrine to file a petition with the sentencing court to vacate the conviction and be resentenced. (§ 1172.6, subd. (a).)

Under section 1172.6, a defendant convicted by plea of attempted murder under the natural and probable consequences doctrine must attest to the following: "(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under [a natural and probable consequences theory of attempted murder]. . . . [¶] (2) The petitioner was convicted of . . . attempted murder . . . following . . . a plea offer in lieu of a trial at which the petitioner could have been convicted of . . . attempted murder. [¶] (3) The petitioner could not presently be convicted of . . . attempted murder because

of changes to [s]ection 188 or 189 made effective January 1, 2019." (§ 1172.6, subds. (a)(1)–(a)(3), (b)(1).)

After a facially sufficient petition is filed, the trial court determines whether the petitioner is prima facie eligible for relief. (*People v. Lewis* (2021) 11 Cal.5th 952, 957.) "The record of conviction will necessarily inform the trial court's prima facie inquiry under section [1172.6], allowing the court to distinguish petitions with potential merit from those that are clearly meritless. . . . [¶] While the trial court may look at the record of conviction after the appointment of counsel to determine whether a petitioner has made a prima facie case for section [1172.6] relief, the prima facie inquiry under subdivision (c) is limited. . . . '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.' " (*Id*. at p. 971.) If the petitioner makes a prima facie showing of eligibility, the trial court must issue an order to show cause and hold an evidentiary hearing. (*People v. Curiel* (2023) 15 Cal.5th 433, 460.) We review de novo a trial court's determination of whether a petitioner has made a prima facie showing. (*People v. Harden* (2022) 81 Cal.App.5th 45, 52.)

In the opening brief, Serna contends that the trial court engaged in impermissible fact-finding by relying on the preliminary hearing transcript to deny his section 1172.6 petition at the prima facie stage. After briefing concluded in this case, our Supreme Court resolved a split in the Courts of Appeal regarding this issue and foreclosed Serna's contention. In *People v. Patton* (2025) 17 Cal.5th 549, 569 (*Patton*), the Supreme Court held that a trial court may "reference the record of conviction [which includes the preliminary hearing transcript] . . . to ' " 'refut[e]' " ' [citation] conclusory allegations in furtherance of

4

its statutorily required screening function at that juncture of a section 1172.6 proceeding" without engaging in impermissible fact-finding, and may conclude, based upon its review, that the petitioner has failed to make a prima facie showing of eligibility. Accordingly, the trial court's review of the preliminary hearing transcript in this case to make its determination that Serna was ineligible for relief was not error.

We need not address Serna's additional argument that the trial court erred by admitting hearsay contained in the preliminary hearing transcript, because Serna failed to object in the trial court on hearsay grounds, thus forfeiting the challenge on this appeal. (*People v. Vance* (2023) 94 Cal.App.5th 706, 714 [failure to object to the trial court's reliance on inadmissible evidence to deny a section 1172.6 petition forfeits the issue on appeal].)

Although Serna has not shown error in connection with the trial court's denial of his original 1172.6 petition, following the Supreme Court's directive to the Court of Appeal in *Patton*, in an abundance of caution we will remand the matter to the trial court with directions to consider an amended petition should Serna seek to file one within 30 days of the issuance of the remittitur. (*Patton, supra*, 17 Cal.5th at pp. 569–570; *People v. Glass* (2025) 110 Cal.App.5th 922.)

## DISPOSITION

We remand the matter to the trial court with directions to consider an amended petition should Serna seek to file one within 30 days of the issuance of the remittitur.  We otherwise affirm the trial court's order denying Serna's petition for resentencing pursuant to Penal Code section 1172.6.

NOT TO BE PUBLISHED.


MOOR, J.

WE CONCUR:


BAKER, Acting P. J.


KIM (D.), J.

6